■ In the Matter of SHIRLEY TRAENDLY, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent from "exercising jurisdiction" over the petitioner's premises, the petitioner appeals from a judgment of the Supreme Court, Westchester County (West, J.), entered April 22, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The record before us indicates that in 1974, Fine Homes, Inc., the then-owner of the premises identified as 349 to 369 Mayflower Avenue, New Rochelle, New York, which was developed with eight residential buildings of four apartments each, registered the premises with the respondent as a horizontal multiple dwelling of at least six units, thus subjecting the premises to the Emergency Tenant Protection Act (ETPA) (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4, as amended]; *see particularly,* McKinney's Uncons Laws of NY § 8625 [a] [4] [a], [b]). The petitioner alleges that in 1984, the premises were "subdivided", and the record indicates that in 1985 tenants began filing complaints with the respondent concerning rent overcharges and the refusal by "the landlord" to offer lease renewals.

Fine Homes, Inc. apparently answered the complaints, at least those with respect to the premises now identified as 355 Mayflower Avenue, by asserting that the "subdivided" units were each individual four-family homes and were thus exempt from regulation (see, McKinney's Uncons Laws of NY § 8625 [a] [4] [a]). The record reflects that in 1986 the District Rent Administrator resolved these complaints against Fine Homes, Inc., "since there [was] no evidence of any physical change to the buildings to warrant exemption". The Administrator ruled that the buildings involved would remain subject to regulation until the landlord filed a required "Form RS-3" application to determine whether the premises were exempt from the ETPA. Thereafter, Fine Homes, Inc. evidently filed a petition for administrative review (hereinafter PAR; *see,* 9 NYCRR part

2510) with respect to rulings concerning apartments located at 355 Mayflower Avenue. The seeking of PAR review is a prerequisite to judicial review pursuant to CPLR article 78 (see, McKinney's Uncons Laws of NY § 8632 [c]).

Also in 1986, the petitioner purchased 369 Mayflower Avenue, on which is located one of the buildings which was part of the complex previously owned by Fine Homes, Inc. The petitioner adopted the argument of Fine Homes, Inc. that the building is a four-family home exempt from regulation. It appears that thereafter, tenants of 369 Mayflower Avenue and of the other buildings within what was registered as one complex filed additional complaints. The record is silent as to what, if any, action was taken on these complaints, but in 1987, the petitioner and others commenced under seven index numbers what were apparently denominated special proceedings to prohibit the respondent from exercising jurisdiction under the ETPA over those buildings. By order dated September 14, 1987, consolidating the proceedings for purposes of determination, the Supreme Court, Westchester County (Marbach, J.), granted the respondent's motion to dismiss for failure to exhaust administrative remedies but also directed the respondent to determine "various administrative appeals involving the petitioners" within 60 days after service of the order upon it, and that, should the "appeals not be decided as aforesaid, then they shall be deemed to have been determined adversely to the Petitioners [see, McKinney's Uncons Laws of NY § 8632 (c)] and Petitioners may seek Article 78 review without further administrative action".

No appeal was taken from that order, and the respondent thereafter issued a determination with respect to the PAR filed by Fine Homes, Inc., regarding the apartments at 355 Mayflower Avenue. The respondent "denied" the appeal, noting that the regulatory status was decided in prior proceedings and that the "owner" was previously advised to file a "Form RS-3" application "in order that the matter may be decided in an appropriate proceeding". The PAR determination was without prejudice to "filing such application".

After the expiration of the 60-day period fixed by Supreme Court for determination of then-pending administrative appeals, and apparently operating on a theory that she had made an application which, pursuant to the order dated September 14, 1987, had been deemed denied (cf., McKinney's Uncons Laws of NY § 8632 [c]), the petitioner renewed her proceeding and, in effect, sought review of the "deemed" determination by the respondent that the premises known as

369 Mayflower Avenue is subject to the ETPA. The Supreme Court, Westchester County (West, J.), again ruled that the petitioner failed to exhaust administrative remedies and, in the judgment appealed from, dismissed her proceeding.

Contrary to the petitioner's argument, the record demonstrates that the respondent, in accordance with the order dated September 14, 1987, timely determined the only pending administrative appeal when it denied that of Fine Homes, Inc. pertaining to the apartments at 355 Mayflower Avenue. And although the history of attempts to have the premises judicially declared exempt from regulation is lengthy, the record before us presents no basis for judicial intervention. Indeed, the filing of a PAR with respect to the apartments at 369 Mayflower Avenue, a step which was not taken here, is a necessary prerequisite for judicial review of issues raised on tenant's complaints (see, McKinney's Uncons Laws of NY § 8632 [c]). Furthermore, judicial intervention is not warranted on the ground that the respondent's delay, if any, in adjudicating the issues raised in the complaints by tenants of 369 Mayflower Avenue is an unreasonable one (see, Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169). Rather, the delay here is due to the petitioner's failure to avail herself of available remedies, including the filing of a "Form RS-3" application so as to trigger appropriate administrative and, if necessary, judicial inquiry (cf., Matter of Krakower v State of New York Div. of Hous. & Community Renewal, 137 AD2d 688; see also, Castillo v Wenk, NYLJ, June 10, 1987, at 15, col 2, App Term, 9th and 10th Jud Dists; cf., 520 E. 81st St. Assocs. v Lenox Hill Hosp., 38 NY2d 525). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.