■ In the Matter of ALBE REALTY Co., Appellant, v DIVISION

OF HOUSING AND COMMUNITY RENEWAL, Respondent, and SHARON ROZSAY, Intervenor-Respondent. [602 NYS2d 670] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated January 15, 1991, which denied the petitioner's petition for administrative review, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Williams, J.), entered July 8, 1991, as confirmed the respondent's determination and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The petitioner landlord sought administrative review of a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), issued on January 23, 1987, directing that the tenant's so-called "sweetheart lease" was subject to the prior Code of the Rent Stabilization Association of New York City, Inc. (hereinafter RSC) § 24 which required that an application for a rent adjustment be made within 60 days after the adoption of the Code or 60 days after the commencement of the first tenancy occurring after June 30, 1974. The DHCR rejected the petitioner's position that RSC § 35 was controlling inasmuch as that provision was applied only in situations in which the tenant had performed work for the landlord in exchange for a reduced rent. The petitioner subsequently commenced this proceeding to review this determination and, by judgment entered July 8, 1991, the Supreme Court dismissed the petition, concluding that the DHCR's interpretation of its own regulations was neither arbitrary nor capricious. We agree.

The DHCR's application and interpretation of the regulations it administers, if not unreasonable and supported by a rational basis, is entitled to great deference (see, *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325; *Matter of Salvati v Eimicke*, 72 NY2d 784, 791; *Matter of Lipes v State of New York Div. of Hous. & Community Renewal*, 174 AD2d 571). The DHCR's determination that precedent required the application of RSC § 24 rather than RSC § 35 was not irrational (see, 1970 Opns Conciliation and Appeals Bureau [hereinafter CAB] No. 847; 1973 Opns CAB No. 2471; 1976 Opns CAB No. 4243; 1976 Opns CAB No. 4263; 1976 Opns CAB No. 4429; 1976 Opns CAB No. 4563; 1978 Opns CAB No. 7323; 1978 Opns CAB No. 7601; 1978 Opns CAB No. 8066; 1981 Opns CAB No. 15,991,

amended 1983 Opns CAB No. 15,991; 1983 Opns CAB No. 24,920; 1983 Opns CAB No. 28,046). As such, the petition was properly dismissed for failure to make a timely application pursuant to RSC § 24. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.