■ In the Matter of CHARLES BIRDOFF & Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [612 NYS2d 418] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Golden, J.), dated June 25, 1992, as upon vacating so much of the determination as imposed treble damages against the petitioner, dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to the Rent Stabilization Code, an owner may not charge in excess of the established base rent plus applicable guideline increases, except under certain enumerated grounds, among which is the installation of new equipment or improvements with the consent of the tenant in occupancy. In the case of vacant housing accommodations, tenant consent is not required (9 NYCRR 2522.4 [a] [1]). However, the burden is on the owner to establish entitlement to such an increase. In order for the Division of Housing and Community Renewal (hereinafter the DHCR) to properly calculate the amount to be allowed for a permanent rent increase, the owner is required to submit documentation proving each specific improvement. The documentation must be sufficiently specific to enable the

DHCR to verify, by cost breakdown, whether some of the work claimed is merely repairs or decorating, for which an increase is not authorized *(see, Matter of Eberhart Bros. v New York City Conciliation & Appeals Bd.,* Sup Ct, NY County, Feb. 16, 1984, Edwards, J., *affd* 99 AD2d 930). If the owner fails to provide the documentation at the Rent Administrator's (hereafter the RA) proceeding, the RA may determine the application based on the record. Absent good cause for failing to provide such documentation, review by the Commissioner of an initial agency order issued by an RA is limited to the facts and evidence which were before the RA *(see,* 9 NYCRR 2529.6; *Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 575). On the record before us, we find that the Commissioner's refusal to consider the documents offered for the first time at the administrative appeal was not improper. In any event, the documentation was not specific enough to enable the DHCR to properly calculate the amount of a prospective authorized rent increase. Thus, the determination was properly upheld *(see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206, 213; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, Matter of 126 Franklin Ave. Assocs. v New York State Div. of Hous. & Community Renewal,* 203 AD2d 464; *Matter of Albe Realty Co. v Division of Hous. & Community Renewal,* 197 AD2d 618). Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.