*Guido, supra).* Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.

■ In the Matter of WILLIAM GANCI, Appellant, v JEAN TUTHILL et al., Respondents. [628 NYS2d 511] —In an action pursuant to CPLR article 71, *inter alia,* to recover damages for the alleged wrongful retention of money seized by the police, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 21, 1993, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The gravamen of this action is the alleged wrongful retention of money after the disposition of a criminal action in the course of which money was seized. As such, a timely notice of claim was required to be filed *(see, Boyle v Kelley,* 42 NY2d 88; *Matter of Oakley v Police Prop. Clerk of Nassau County,* 75 AD2d 816; *Matter of Abramowitz v Guido,* 61 AD2d 1045; County Law § 52; General Municipal Law § 50-e). Since no such notice of claim was filed, the action was properly dismissed *(see, Matter of Ganci v Tuthill,* 216 AD2d 390 [decided herewith]; *Boyle v Kelley, supra; Matter of Oakley v Police Prop. Clerk of Nassau County, supra; Matter of Abramowitz v Guido, supra).* Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.

■ In the Matter of GLENDORA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [628 NYS2d 343] —In a proceeding pursuant to CPLR article 78 challenging, *inter alia,* a determination of the New York State Division of Housing and Community Renewal dated September 24, 1992, which failed to award the petitioner treble damages for a rent overcharge, the petitioner appeals, as limited by her brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated October 14, 1993, which, *inter alia,* granted the respondents' cross motion to settle an order and judgment (one paper) to dismiss the petition, and dismissed the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The appellant filed a complaint of rent overcharge with the New York State Division of Housing and Community Renewal (hereinafter the DHCR). The DHCR's District Rent Administrator (hereinafter the DRA) determined that from December 1, 1990, through November 30, 1991, pursuant to the Emergency

Tenant Protection Act of 1974, the appellant had been overcharged $5,349.74 for rent. Attached to the DRA's order was a "Notice of Right to Administrative Review and Filing Instructions" which stated that the appellant had 35 days from the issuance of the DRA's determination to file a Petition for Administrative Review (hereinafter PAR) challenging the DRA's determination. The appellant admittedly never filed a PAR. Rather, the appellant commenced a proceeding in Supreme Court against the DHCR, individual members of the DHCR, and then-Governor Mario Cuomo, challenging the DHCR's determination in that it failed to award her treble damages.

The Supreme Court properly treated the appellant's complaint as a petition pursuant to CPLR article 78 challenging the DHCR's determination (see, CPLR 103 [c]). 9 NYCRR 2510.12, Judicial Review, provides, in pertinent part: "The filing and determination of a PAR is a prerequisite to obtaining judicial review of any provision of these regulations or any order issued thereunder."

The appellant did not file a PAR. Thus, her proceeding was premature and properly dismissed for failure to exhaust her administrative remedies (see, Matter of Ponds v New York State Div. of Hous. & Community Renewal, 191 AD2d 153; Matter of Traendly v New York State Div. of Hous. & Community Renewal, 160 AD2d 883, 885). Additionally, with regard to the respondent then-Governor Mario Cuomo, the appellant did not make any allegations in her petition upon which relief may be granted as against him. Therefore, the petition was properly dismissed as against him (see, Gaynor v Rockefeller, 21 AD2d 92, 94, affd 15 NY2d 120). Moreover, the Supreme Court lacks jurisdiction over claims against the State (see, Morell v Balasubramanian, 70 NY2d 297, 300; Automated Ticket Sys. v Quinn, 90 AD2d 738, affd 58 NY2d 949).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the respondents' cross motion to settle the order on the ground that the respondents had demonstrated "good cause" for failing to settle the order until eight days beyond the 60-day time period (see, 22 NYCRR 202.48 [b]; Russo v City of New York, 206 AD2d 355; cf., Garcia v New York City Tr. Auth., 193 AD2d 414). The Supreme Court decision determining that the petition was to be dismissed, and directing that an order be settled, was filed on April 8, 1993. The 60-day time period for settling the order expired on June 7, 1993 (see, 22 NYCRR 202.48). On June 10, 1993, the appellant moved to vacate the decision and

for leave to enter a default judgment. By notice of cross motion dated June 15, 1993, the DHCR and the individuals of the DHCR named in the petition cross-moved to settle an order and judgment (one paper). The respondents' attorney stated in his affirmation in support of the cross motion that he "regularly" checked with the United Lawyers Service to obtain a copy of the court's decision. The service informed the attorney by letter dated April 23, 1993, that the motion had not been decided and that the service would continue to follow the case. The letter was annexed to the affirmation. Therefore, the Supreme Court properly permitted the respondents to settle the order eight days beyond the 60-day time period. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.