■ In the Matter of 455 OCEAN ASSOCIATES, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [661 NYS2d 18] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated February 3, 1992, which, *inter alia,* determined that the petitioner had overcharged the complaining tenant and awarded treble damages, the New York State Division of Housing and Community Renewal appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 17, 1996, as granted the petition to the extent of striking the award of treble damages, and remitted the proceeding for reconsideration of a rent credit allegedly given by the petitioner to the tenant.

Ordered that the notice of appeal from the order dated May 17, 1996, is deemed an application for leave to appeal from that order and leave to appeal is granted; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the award of treble damages is reinstated, the petition is denied in its entirety, and the proceeding is dismissed.

Contrary to the Supreme Court's determination, the record clearly establishes that, even if the initial notice failed to apprise the petitioner that it could be subject to treble damages, the petitioner, nonetheless, received two subsequent notices to that effect *(see, Matter of Starlight Realty Assocs. v State Div. of Hous. & Community Renewal,* 168 AD2d 306, 307).

Further, the Supreme Court erred in annulling the imposition of treble damages. Once it was determined that the petitioner had overcharged the complaining tenant for rent, it became incumbent upon the petitioner to establish by a preponderance of the evidence that such overcharges were not willful *(see, Matter of Chu v New York State Div. of Hous. & Community Renewal,* 231 AD2d 567; *Matter of Branch v State Div. of Hous. & Community Renewal,* 217 AD2d 581; *Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal,* 207 AD2d 552). Since the petitioner failed to meet this burden, the New York State Division of Housing and Community Renewal properly imposed treble damages *(see,* Administrative Code of City of NY § 26-516 [a]).

Lastly, the court improperly remitted the proceeding for reconsideration of the rent credit allegedly given by the petitioner to the tenant. The appellant's determination had a rational basis as the petitioner failed to provide any evidence concerning an alleged rent credit, and, absent good cause for this failure, the review by the Commissioner of the initial agency order by the Rent Administrator was limited to the facts and evidence which were before the Rent Administrator *(see, Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal,* 204 AD2d 630, 631; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952). Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.