■ In the Matter of MAYA REALTY ASSOCIATES, Appellant, v JOSEPH HOLLAND, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent. [689 NYS2d 211] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Joseph Holland, as Commissioner of the New York State Division of Housing and Community Renewal, dated June 25, 1997, which found that the petitioner had overcharged for rent and awarded treble damages, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated January 26, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Administrative Code of City of New York § 26-516 (a) provides that in the case of a rent overcharge, the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge unless the landlord establishes that the overcharge was not willful (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819; *Matter of 455 Ocean Assocs. v New York State Div. of Hous. & Community Renewal*, 241 AD2d 495). Here the petitioner, Maya Realty Associates, failed to establish by a preponderance of the evidence that the overcharge was not willful. Thus, the award of treble damages was appropriate (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal, supra*, at 823; *Matter of 455 Ocean Assocs. v New York State Div. of Hous. & Community Renewal, supra*, at 496).

Furthermore, the determination of the respondent clearly and with specificity advised the petitioner of those items submitted in support of the rental increase, which were disallowed. The burden rested upon the petitioner to establish entitlement to this increase by submitting documentation proving each specific improvement (*see, Matter of Birdoff & Co. v*

*New York State Div. of Hous. & Community Renewal,* 204 AD2d 630). Thus, contrary to the petitioner's contention, the respondent's determination was not arbitrary or capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

The petitioner's remaining contentions are without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.