■ In the Matter of BRADFORD MOTT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [732 NYS2d 347] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York State Division of Housing and Community Renewal, dated February 2, 1999, as imposed treble damages for rent overcharges, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), dated January 18, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Since it was undisputed that the petitioner overcharged the complaining tenants for rent, the petitioner was required to "establish * * * by a preponderance of the evidence that the overcharge was neither willful nor attributable to his negligence" (9 NYCRR 2506.1 [a] [1]). Since the agency's conclusion that the petitioner failed to do so has a rational basis in the record, the Supreme Court properly refused to disturb the award of treble damages (*see,* 9 NYCRR 2506.1 [a] [1]).

The petitioner's remaining contention is not properly before this Court because it "was not raised in the administrative proceedings" (*Matter of Rozmae Realty v State Div. of Hous. & Community Renewal,* 160 AD2d 343; *see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 575; *Brusco v New York State Div. of Hous. & Community Renewal,* 170 AD2d 184). Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.