■ In the Matter of EMERSON E. WELCH, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and FRAULENE HARRIS, Respondent. [732 NYS2d 68] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal dated March 26, 1999, which found that the petitioner overcharged the respondent Fraulene Harris for rent, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Kings County (Mason, J.), dated June 5, 2000, which granted the petition and vacated a clerk's judgment of the same court, entered October 1, 1999, upon the order.

Ordered that the judgment dated June 5, 2000, is reversed, on the law, with costs, the clerk's judgment dated October 1, 1999, is reinstated, the petition is denied, and the proceeding is dismissed on the merits.

The respondent Fraulene Harris filed a complaint of rent overcharge with the respondent New York State Division of Housing and Community Renewal (hereinafter DHCR). The District Rent Administrator of the DHCR determined that, for 12 months commencing May 24, 1994, pursuant to the Rent Stabilization Code, Harris was overcharged $3,285.60 for rent. The landlord (the petitioner herein) did not file a petition for

administrative review (hereinafter a PAR) challenging the Rent Administrator's determination. Instead, the petitioner commenced this proceeding in the Supreme Court, Kings County, against Harris and the DHCR seeking to review the determination.

The Supreme Court erred in granting the petition and vacating the order of the Rent Administrator and the clerk's judgment entered thereon. Where the aggrieved party fails to file a PAR, a proceeding pursuant to CPLR article 78 is premature and should be dismissed for failure to exhaust administrative remedies (*see, Matter of Glendora v New York State Div. of Hous. & Community Renewal,* 216 AD2d 391, 392; 9 NYCRR 2510.12, 2530.1; CPLR 7801 [1]; *Matter of Livingston Assocs. v State of N. Y. Div. of Hous. & Community Renewal,* 220 AD2d 504). "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). The petitioner's contention that he never received a copy of the rent overcharge determination when it was issued is one which must, in the first instance, be raised before the agency in a PAR.

The Supreme Court further erred in directing the parties to make factual submissions to it on issues which were not before the Rent Administrator, and in rendering a judgment based upon those submissions. In a CPLR article 78 proceeding where the court's inquiry is into whether the agency's decision was arbitrary and capricious, the court cannot take proof or consider facts which were not before the administrative agency (*see, Matter of Yarbough v Franco,* 95 NY2d 342; *Matter of Mott v New York State Div. of Hous. & Community Renewal,* 191 AD2d 566; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605). Ritter, J. P., Goldstein, H. Miller and Townes, JJ., concur.