■ In the Matter of NILDA ACEVEDO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and ELIZABETH VELEZ, Intervenor-Respondent. [889 NYS2d 78]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated January 9, 2006, which denied a request for administrative review and confirmed a determination of the District Rent Administrator dated June 1, 2005, awarding the tenant treble damages for rent overcharges, the New York State Division of Housing and

Community Renewal appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated June 11, 2006, which granted the petition, annulled the determination dated January 9, 2006, vacated the award of treble damages, and remitted the matter to the New York State Division of Housing and Community Renewal for a hearing on the owner's petition for administrative review.

Ordered that the judgment is reversed, on the law, with one bill of costs, the determination dated January 9, 2006, is confirmed, the award of treble damages is reinstated, the petition is denied, and the proceeding is dismissed on the merits.

"Judicial review of administrative determinations is confined to the 'facts and record adduced before the agency' " (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000], quoting *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757 [1982]; *see Matter of Brooks v New York City Hous. Auth.*, 58 AD3d 836, 838 [2009]). Thus, "in a CPLR article 78 proceeding to review a determination of the [New York State Division of Housing and Community Renewal (hereinafter the DHCR)], the court is limited to a review of the record which was before the DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis" (*Matter of 36-08 Queens Realty v New York State Div. of Hous. & Community Renewal*, 222 AD2d 440, 441 [1995]). Here, the petitioner did not raise any specific objections to the order of the District Rent Administrator in her petition for administrative review. Hence, the petitioner's instant claims, raised for the first time in the instant proceeding, were not amenable to review by the Supreme Court (*see Matter of Welch v New York State Div. of Hous. & Community Renewal*, 287 AD2d 725, 726 [2001]; *Matter of Mott v New York State Div. of Hous. & Community Renewal*, 287 AD2d 720 [2001]; *Matter of Aguayo v New York State Div. of Hous. & Community Renewal*, 150 AD2d 565, 566-567 [1989]).

In addition, the petitioner's submissions failed to establish that the rent increase she imposed on the subject tenant was valid. Although the petitioner submitted to the DHCR an abundance of receipts, various invoices, and the copies of the fronts of checks, the documentation she provided to the DHCR was facially insufficient to establish that the claimed gut renovation of the subject apartment was in fact done, or that she had incurred the claimed expenses. Under these circumstances, the petitioner was required to submit a breakdown of the claimed expenses to allow the DHCR to distinguish between repairs and renovation (*see Jemrock Realty Co. LLC v Krug-*

*man,* 64 AD3d 290, 296-297 [2009]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal,* 25 AD3d 128, 138, 139 [2005]; *Matter of Maya Realty Assoc. v Holland,* 261 AD2d 405, 406 [1999]; *Matter of Charles Birdoff & Co. v New York State Div. of Hous. & Community Renewal,* 204 AD2d 630, 631 [1994]). Since the petitioner failed to do so, despite the requests of DHCR for proper documentation of the claimed individual apartment improvement, the record supports the District Rent Administrator's order and the Deputy Commissioner's determination regarding the subject tenant's complaint of a rent overcharge.

The petitioner's claim that an evidentiary hearing was required is without merit (*see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal,* 61 AD3d 753, 755 [2009]; *Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin.,* 34 AD3d 673, 674 [2006]; *Matter of Richter v New York State Div. of Hous. & Community Renewal,* 204 AD2d 648 [1994]; *Matter of Rubin v Eimicke,* 150 AD2d 697, 698 [1989]; *Matter of Plaza Realty Invs. v New York City Conciliation & Appeals Bd.,* 110 AD2d 704 [1985]). Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.