◼ In the Matter of NELLA MANKO et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [930 NYS2d 72]—

The petitioner Nella Manko (hereinafter Manko), a tenant in a rent-stabilized apartment, complained to the New York State Division of Housing and Community Renewal, Office of Rent Administration (hereinafter the DHCR), that the owner of her building failed to provide her with a certified copy of a lease. The Rent Administrator made a determination, inter alia, that Manko was provided with a proper copy of the lease, and the Deputy Commissioner of the DHCR denied a request for administrative review and confirmed the Rent Administrator's determination. The petitioners commenced this CPLR article 78 proceeding to review the determination. The Supreme Court, in effect, denied the petition and dismissed the proceeding. We affirm the order insofar as appealed from by Manko.

"[I]n reviewing a determination made by an administrative agency such as the DHCR, the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law" (*Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 754-755 [2009]; *see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]; *Matter of Acevedo v New York State Div. of Hous. & Community Renewal*, 67 AD3d 785, 786 [2009]; *Matter of Dominguez v Vanamerongen*, 56 AD3d 667, 668 [2008]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d at 431). Where an agency's determination is supported by a rational basis, a court must sustain the determination even if it would have reached a different conclusion had it been presented with the question in the first instance (*id.*). Moreover, a court must defer to an

administrative agency's "rational interpretation of its own regulations in its area of expertise" (*id.*; *see Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d at 755; *Matter of Dominguez v Vanamerongen*, 56 AD3d at 668).

Here, Manko complained that the owner failed to provide her with a certified copy of her renewal lease. However, the Rent Stabilization Code requires only that the owner furnish the tenant with a "fully executed renewal lease form, bearing the signatures of the owner and tenant" (Rent Stabilization Code [9 NYCRR] § 2522.5 [b] [1]; *see* § 2523.5), which was accomplished here. Accordingly, the Supreme Court properly held that the DHCR's determination was not arbitrary or capricious and was supported by "a rational basis in the record and a reasonable basis in law" (*Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d at 754-755). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.

Manko's claim that an evidentiary hearing was required is without merit (*id.* at 755; *see Matter of Acevedo v New York State Div. of Hous. & Community Renewal*, 67 AD3d at 787; *Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin.*, 34 AD3d 673, 674 [2006]; *Matter of Richter v New York State Div. of Hous. & Community Renewal*, 204 AD2d 648 [1994]; *Matter of Rubin v Eimicke*, 150 AD2d 697, 698 [1989]; *Matter of Plaza Realty Invs. v New York City Conciliation & Appeals Bd.*, 110 AD2d 704 [1985]). Likewise, her contention that the DHCR should have consolidated this complaint with another complaint she had filed against the owner is without merit, as the Rent Stabilization Code permits the DHCR to consolidate complaints, but does not require it to do so (*see* Rent Stabilization Code [9 NYCRR] § 2527.5 [f]).

Manko's remaining contentions are not properly before this Court (*see Matter of Peckham v Calogero*, 12 NY3d at 430; *Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d at 150; *Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *Matter of Acevedo v New York State Div. of Hous. & Community Renewal*, 67 AD3d at 786; Rent Stabilization Code [9 NYCRR] § 2529.6). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.