■ In the Matter of LONDON LEASING LIMITED PARTNERSHIP,
Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL,
Respondent. [950 NYS2d 145]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York State Division of Housing and Community Renewal dated July 23, 2010, which denied a petition for administrative review and confirmed a determination of the Rent Administrator dated January 7, 2010, disallowing certain costs claimed by the petitioner in connection with its application for a major capital improvement rent increase and granting the application only to the extent of granting a monthly rent increase in the amount of $11.31 per room, the petitioner appeals from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered January 26, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the proceeding is reinstated, the petition is granted to the extent that the determination of the New York State Division of Housing and Community Renewal dated July 23, 2010, is annulled, the petition is otherwise denied, and the matter is remitted to the New York State Division of Housing and Community Renewal for a new determination in accordance herewith.

On April 3, 2009, the petitioner, which owns an apartment building subject to rent regulation located in Flushing, applied to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a major capital improvement (hereinafter MCI) rent increase following the upgrade of three elevators in the building, which cost in excess of $832,000. In support of its application, the petitioner submitted a copy of the elevator modernization contract, dated February 22, 2008, which it entered into with the contractor that performed the work, and copies of the cancelled checks paid to the contractor. Thereafter, on October 16, 2009, the Rent Administrator requested that the petitioner submit additional information concerning "a cost breakdown for the 3 Elevators Installation and related expenses" and "scope of work for the elevators modernization," without any further instruction as to the information it was seeking.

By letter dated November 5, 2009, the petitioner, through counsel, submitted a list, prepared by the contractor in response to the Rent Administrator's request, assigning a value to each item of work performed. The petitioner's counsel stated that the list was being provided "without prejudice to our belief that such is not necessary as there has been no work done other than the type which is normally a part of elevator modernization." The Rent Administrator did not request any further information.

In an "Order Granting MCI Rent Increase" dated January 7, 2010, the Rent Administrator determined that the upgrade of

the elevators constituted an MCI. However, in calculating the corresponding rent increase, the Rent Administrator disallowed $15,000 in costs which the contractor had identified as "DOB filings and inspection," and $112,012 in costs for "[m]iscellaneous work, including survey, parts management, scheduling and supervision," as not constituting an MCI. As a result, the petitioner was granted a monthly rent increase in the amount of only $11.31 per room based upon the Rent Administrator's determination reducing the approved costs of the MCI to $705,000.

The petitioner filed a petition for administrative review (hereinafter PAR), asserting that it was improper for the Rent Administrator to have requested a breakdown of the total contract cost, given that the elevator upgrade was performed pursuant to a lump-sum contract, and that it was error to have excluded the costs relating to the "DOB filings and inspection" and those which were identified as "[m]iscellaneous" by the contractor. The DHCR denied the PAR and confirmed the Rent Administrator's determination.

The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the DHCR's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we reverse.

In this proceeding in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis" and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]).

Contrary to the petitioner's contention, under these circumstances, the Rent Administrator's request for a cost breakdown was not arbitrary and capricious and had a rational basis in the record, given the high total cost of the upgrade and the lack of

any information in the contract establishing how the total cost was derived (*see Matter of Maxwell-Kates, Inc. v New York State Div. of Hous. & Community Renewal*, 196 AD2d 456, 457-458 [1993]; *see also Jemrock Realty Co., LLC v Krugman*, 13 NY3d 924, 926 [2010]; *Matter of Acevedo v New York State Div. of Hous. & Community Renewal*, 67 AD3d 785, 786 [2009]). Further, the DHCR's Policy Statement 90-10, which pertains to confirming costs on MCI or individual apartment improvement applications, permits, in pertinent part, that "[w]henever it is found that a claimed cost warrants further inquiry, the processor may request that the owner provide additional documentation."

However, it was arbitrary and capricious for the Rent Administrator to have excluded certain costs without providing the petitioner with a final opportunity to establish that those costs were related to the MCI (*see 305 W. 18 Assoc. v New York State Div. of Hous. & Community Renewal*, 158 AD2d 377, 378 [1990]). The Rent Administrator disallowed the full amount of the costs attributed to "DOB filings and inspection" and "[m]iscellaneous work," even though the DHCR acknowledged, in its determination denying the PAR, that some of the items which were included in those categories may have been properly associated with MCI-eligible work and, if so, would have been included in the MCI calculation had there been further clarification as to those figures provided by the petitioner. Instead, the Rent Administrator simply disallowed the costs attributed to those categories without providing the petitioner an opportunity to establish whether the items amounting to $127,012 were MCI-eligible.

Accordingly, the Supreme Court should have granted the petition to the extent of annulling the DHCR's determination denying the PAR and confirming the Rent Administrator's determination. The matter must be remitted to the DHCR for further proceedings providing the petitioner with an opportunity to submit further clarification as to the costs which were disallowed by the Rent Administrator, and for a new determination thereafter of the PAR, upon the DHCR's due consideration of any such submissions by the petitioner. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.