■ In the Matter of Shore Development Partners, Appellant, v Board of Assessors of County of Nassau et al., Respondents. (Proceeding No. 1.) In the Matter of Shore Road-Long Beach Super Block, LLC, Appellant, v Board of Assessors of County of Nassau et al., Respondents. (Proceeding Nos. 2, 3 and 4.) [976 NYS2d 881]—

In related proceedings pursuant to RPTL article 7 to review the tax assessments of the petitioners' real property for the tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013, the

petitioners appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated September 13, 2012, which denied their motion for summary judgment on so much of the petitions as sought to reclassify the subject property from class four commercial to class one residential for the tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013, to reduce the assessments for those tax years based on the reclassification, and for corresponding tax refunds, including statutory interest, for those tax years.

Ordered that the order is reversed, on the law, with costs, and the petitioners' motion for summary judgment on so much of the petitions as sought to reclassify the subject property from class four commercial to class one residential for the tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013, to reduce the assessments for those tax years based on the reclassification, and for corresponding tax refunds, including statutory interest, for those tax years is granted.

The petitioner Shore Development Partners commenced proceeding No. 1 seeking, among other things, to reclassify the subject real property under RPTL article 18 from class four commercial to class one residential for the tax year 2009/2010, and to reduce the assessment for that tax year based on the reclassification. The petitioner Shore Road-Long Beach Super Block, LLC commenced proceeding Nos. 2, 3, and 4 seeking the same relief for the tax years 2010/2011, 2011/2012, and 2012/2013. In an order dated September 13, 2012, the Supreme Court denied the petitioners' motion for summary judgment on so much of the petitions as sought to reclassify the subject property from class four commercial to class one residential for the tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013, to reduce the assessments for those tax years based on the reclassification, and for corresponding tax refunds, including statutory interest, for those tax years.

The petitioners established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject property should be classified as class one residential pursuant to RPTL 1802 (1), and, in opposition, the respondents failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). This Court previously determined that the same property, which is zoned for mixed residential and commercial use, should have been classified as class one residential for the tax years 2007/2008 and 2008/2009 (*see Matter of Shore Dev. Partners v Board of Assessors*, 82 AD3d 988, 990-991 [2011]). Although RPTL 1802 (1) (d), which was interpreted by this Court on the prior appeal, was amended in 2008, the rele-

vant language from that section was recodified in RPTL 1802 (1) (e) (*see* L 2008, ch 332, § 1).

Moreover, there is no merit to the respondents' contention that the petitioners failed to show that RPTL 1802 (1) (e) applies to the subject property because the petitioners did not show that the subject property is located immediately adjacent to real property defined in RPTL 1802 (a), (b) or (c), and is owned by the same person or persons who own the real property defined in such subparagraph immediately prior to and since January 1, 2003. Under RPTL 1802 (1) (e), class one residential includes "all vacant land located within a special assessing unit which is not a city, provided that such vacant land *which is not zoned residential* must be situated immediately adjacent to real property defined in subparagraph (a), (b) or (c) of this paragraph and be owned by the same person or persons who own the real property defined in such subparagraph immediately prior to and since January 1, 2003" (emphasis added). Since the subject property is considered to be zoned residential for purposes of designation as a class one parcel (*see Matter of Shore Dev. Partners v Board of Assessors*, 82 AD3d at 990-991), the petitioners were not required to show that the property is immediately adjacent to certain statutorily defined real property in the same ownership prior to and since January 1, 2003. That requirement only applies to land which is not zoned residential (*see* RPTL 1802 [1] [e]).

Accordingly, the Supreme Court should have granted the petitioners' motion for summary judgment on so much of the petitions as sought to reclassify the subject property from class four commercial to class one residential for the tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013, to reduce the assessments for those tax years based on the reclassification, and for corresponding tax refunds, including statutory interest, for those tax years. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.