■ In the Matter of HARDAS K. KRIPALANI, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [5 NYS3d 508]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, Office of Rent Administration, dated January 4, 2012, finding that the maximum chargeable rent for the subject premises was proper, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lopresto, J.), dated June 22, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In this proceeding, in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, the court must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]). In reviewing the determination of the Division of Housing and Community Renewal (hereinafter the DHCR), "[t]he court may not substitute its judgment for that of the DHCR" (*Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*id.*).

As the Supreme Court properly concluded, in determining the maximum chargeable rent for the subject premises (*see* 9 NYCRR 2202.1, 2202.3), the Division of Housing and Community Renewal (hereinafter the DHCR) did not act irrationally or in violation of lawful procedure, and its determination was not affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see Matter of Manko v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 88 AD3d 719, 721 [2011]; *Matter of Shahid v New York State Div. of Hous. & Community Renewal*, 84 AD3d

822 [2011]; *Matter of Delillo v New York State Div. of Hous. & Community Renewal*, 45 AD3d 682, 684 [2007]). In addition, there is no merit to the petitioner's contention that the DHCR violated lawful procedure or acted irrationally with respect to the effective date of its determination (*see generally* 9 NYCRR 2202.2, 2202.24).

The petitioner's remaining contention, that the subject apartment should be treated as rent-regulated, rather than rent-controlled, is not properly before this Court (*see Matter of Manko v New York State Div. of Hous. & Community Renewal*, 88 AD3d at 721; *Matter of Acevedo v New York State Div. of Hous. & Community Renewal*, 67 AD3d 785, 786 [2009]). Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.