Matter of 1424 Cent. Ave. Realty Corp. v Niblack (2025 NY Slip Op 50218(U))

[*1]

Matter of 1424 Cent. Ave. Realty Corp. v Niblack

2025 NY Slip Op 50218(U)

Decided on February 20, 2025

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 20, 2025
Supreme Court, Queens County

In the Matter of the Application of 
 1424 Central Avenue Realty Corp., Petitioner,

against
Preston Niblack, in his capacity as the Commissioner of Finance of the City of New York, and 
 City of New York, Respondents.

Index No. 713775/2024

Attorneys:
Scott Goldberg, Esq.
Goldberg & Bokor, LLP
Attorneys for Petitioner
505 Chestnut Street
Cedarhurst, New York 11516 
Tel: (516) 889-1107 ext. 111
Email: sgoldberg@goldbergandbokor.com
MURIEL GOODE-TRUFANT Acting Corporation Counsel of the City of New York 
By: Kimberly Tayeb, Esq.
Assistant Corporation Counsel
Attorney for Respondents 
100 Church Street
New York, New York 10007 
Tel: (212) 356-2155 
Email: ktayeb@law.nyc.gov

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under the petition as: 2, 21-36, were read on this article 78 proceeding brought by petitioner 1424 Central Avenue Realty Corp., (1424 Central), seeking a declaratory judgment to reverse the determination of respondent Preston Niblack i/c/o Commissioner of Finance of the City of New York, which sustained the finding by the New York City Department of Finance, (DOF) that a tax classification of the subject vacant property, zoned residential with a commercial overlay, outside Manhattan, as tax class 4 for fiscal year (FY), 2019-2024, was correct and allegedly exercised his discretion provided by Admin Code § 11-206 in an arbitrary and capricious manner, in violation of law, in failing to correct such tax class designation to tax class 1.
Upon the foregoing papers it is ordered that the petition is determined as follows:
In this article 78 proceeding for declaratory judgment and other relief the petitioner seeks to reverse the administrative decision of DOF, upheld on appeal by the Commissioner of Finance, which determined that the tax classification of Tax Class 4, assigned to the subject vacant property was correct. At issue, is whether the Commissioner's final determination, that the designation of the subject vacant property as a tax class 4, building class V1, for such a property zoned residential, outside Manhattan, rather than as tax class 1, building class V0, was arbitrary, capricious or in violation of law.
In support of its petition, petitioner submitted, among other things, a copy of the pleadings, a copy of the Notice of Property Value FY 2019-2024, a copy of DOF's "Clerical Error Rule" promulgated by the Commissioner of Finance effective date July 16, 2016, a copy of petitioner's request to DOF to correct the clerical error, and a copy of DOF's Final Administrative Decision. In opposition, the respondent submitted, inter alia, a copy of its Answer. In reply, petitioner submitted, among other things, a copy of its attorney's reply affirmation, copies of additional decisions by courts of coordinate jurisdiction each finding the Commissioner's failure to correct the tax class designation arbitrary and capricious, reversing the Commissioner's determination, and examples of stipulations entered by DOF granting the relief requested by the petitioner to correct the tax class designation, under the same or similar circumstance as within. 
The subject property is identified as Queens, Block: 15536 Lot 31, (hereinafter referred to as the "property".) The property was vacant and unimproved land zoned as R7-1 (residential), with a C2-4 commercial overlay. On January 5, 2024, the petitioner received confirmation of its request for DOF to correct its error and change the tax classification from the erroneous [*2]designation as tax class 4 to the proper and lawful tax class 1, for the 2019-2024 tax periods. This request was allegedly made in conformity to the provisions of RPTL § 1802 (1) (d), and in accordance with NYC Administrative Code § 11-206, and 19 RCNY 53 et seq., known as the "Clerical Error Rule".
On or about March 5, 2024, the Commissioner responded, as follows, in its pertinent part:
"After considering this information, we found that the original combination of assessment, exemption, and lot characteristics will remain unchanged for the years indicated on your filing.
Specifically: Finance determines that the parcel is a vacant lot and appropriately valued."
As demonstrated by both parties, the argument has been synthesized down to, and reiterated in numerous CPLR article 78 proceedings by DOF, that, article 78 proceedings are not the legally proper method to contest tax assessments of this type, as it asserts RPTL article 7 is the exclusive remedy for such a review. The respondent contends that even if it were proper, the statutory authority provided to it by Administrative Code § 11-206, to correct "clerical errors", and "errors in description", is not broad enough to correct these types of errors.
Real Property Tax Law (RPTL) § 1802 (1) (d) (i), states that property is classified as tax class one (TC 1), if zoned residential, and falls within the following restriction:
"(d) all vacant land located within a special assessing unit which is a city (i) other than such land in the borough of Manhattan..."
NYC Administrative Code (Admin Code), § 11-206, provides the Commissioner with the discretion to correct, "any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations or in the assessments-rolls." In order to implement its statutory authority, DOF promulgated its "Clerical Error Rule", 19 RCNY 53 et seq., which includes within its rules, a few examples of correctable scenarios.
Generally, challenges to tax assessments made by the Department of Finance are made in a tax certiorari proceeding pursuant to RPTL article 7, (see RPTL § 706; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194 [1991].) However, contrary to the respondent's assertions, it is not the exclusive remedy for a taxpayer seeking relief. RPTL § 700 provides that, "a proceeding to review an assessment of real property shall be brought as provided in this article unless otherwise provided by law." An aggrieved taxpayer need look no further than Admin Code § 11-206, for another lawful method, albeit limited to "clerical errors", or, "errors in description", authorizing the Commissioner of Finance to exercise its discretion to correct them. DOF's own rules, (19 RCNY 53 et seq), provide for a six year look back period within which the Commissioner may act to make this specific type of correction.The Appellate Division, Second Department's ruling in Better World, 122 AD3d 27 [2d Dept 2014], clearly held that an article 78 proceeding may be brought to seek judicial relief from the Commissioner's arbitrary and capricious exercise of such statutory authority. (Admin Code §11-206.) (See, The Better World Real Estate Group, 122 AD3d 27 [2d Dept 2014].)
The respondent relies upon a recent Appellate Division, First Department matter, 3061-63 Third Avenue LLC v Soliman, 223 AD3d 548 [1st Dept 2024], for the proposition that only Article 7 proceedings of RPTL may be utilized for challenges to these erroneous tax classifications. In the Matter of Block 3738 Construction Corp., v Preston Niblack, etc., —AD3d—, 2025 WL 322135, [2d Dept 2025]), a case on all fours, the Appellate Division, Second [*3]Department, following its prior ruling in The Better World Real Estate Group, 122 AD3d 27 [2d Dept 2014], continued to take the opposite position, that article 78 proceedings are a proper vehicle to use when challenging these types of errors, which are violative of the law, and subject to correction by the Commissioner as authorized by statute, and rule.
In an article 78 proceeding involving a decision made by an administrative agency without a hearing, the scope of the court's review is limited to a determination as to whether the agency used improper procedure, error in law, or was an arbitrary and capricious decision. (See Kripalani v State Div. Of Housing & Community Renewal, 126 AD3d 904 [2d Dept 2015.) An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. (See Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974].) 
Here, it is undisputed that the property was zoned residential, "R7-1", with Commercial Overlay, "C2-4" and is located outside of Manhattan. The Notices of Property Valuation, which are official records kept by the DOF, were mailed to the property owner/taxpayer to advise of the tax status of their property in each given taxable period. Each stated that the property was "vacant" land.
It is clear that vacant properties that are zoned residential, including those zoned residential with commercial overlays, by law, are to be taxed as TC 1 properties. (See In the Matter of Block 3738 Construction Corp., v Preston Niblack, etc., — AD3d —, 2025 WL 322135;The Better World Real Estate Group, 122 AD3d 27 [2d Dept 2014]; Shore Development Partners v Board of Assessors of County of Nassau, 112 AD3d 724 [2d Dept 2013]; see also Shore Development Partners v Board of Assessors of County of Nassau, 82 AD3d 988 [2d Dept 2011].) The following is a partial listing of courts of coordinate jurisdiction ruling that such property(ies) must be classified and taxed as a TC 1 property, (see 17 Grand Ave. Corp., v Niblack, 80 Misc 3d 1217[a], 2023 NY Slip Op 51022 (U), [Sup Ct, Queens Cty, J. Kerrigan 2023; 9313 Rockaway Beach, LLC v Niblack, 79 Misc 3d 1211(A), [Sup Ct, Queens Cty, J. Catapano-Fox 2023]; Richmond SI Owner LLC v Soliman, 75 Misc 3d 1211 (A), [Sup Ct, Richmond Cty, J. Ozzi 2023; Seetharam Adimoolam, et al., v Niblack, et al., [Sup Ct, Richmond Cty J. Marrazzo 2022]; 1543 E NY Ave LLC v Soliman, et al., [Sup Ct, Kings Cty J. Rothenberg, 2022]; Jomaniam LLC v Niblack, et al., [Sup Ct, Richmond Cty J. Porzio 2022]; MLK LY LLC v The Commissioner of Finance of the City of New York, et al., 2022 NY Slip Op. 33386(U), [Sup Ct, Kings Cty J. Rothenberg 2022].)
Respondent's counsel's claim that it is an "interpretation" issue, is without merit. RPTL § 1802 (1) (d) (i) is very clear that vacant land, zoned residential, located outside of Manhattan, as this property is, by law, must be classified as TC1. Legal precedent on the appellate level, as cited herein, and the numerous cases of coordinate jurisdiction cited have unanimously found that such property is to be classified TC1 and have ordered DOF to reclassify those properties accordingly.
Since the subject property is located within Queens County, and within the jurisdiction of the Second Department, the legal authority holds that the article 78 proceeding is proper, that the Commissioner's denial of petitioner's request to correct the erroneous tax class designation from TC 4 to TC 1, pursuant to Admin Code § 11-206 and its own rules under 19 RCNY 53 et seq., was arbitrary and capricious, and not in accordance with the law.
Therefore, it is ordered that the article 78 petition is granted. It is further ordered that the DOF's final determination dated March 5, 2024 is vacated, and it is further ordered that the [*4]designated tax class for the subject property shall be corrected from TC 4 to TC 1 for the contested tax period. The matter is remanded to the Department of Finance for recalculation of the taxes levied on the property for the FY 2019-2024.
February 20, 2025
ROBERT I. CALORAS, J.S.C.