■ In the Matter of RICHARD GRUBER, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respon-

dent, and 12TH REALTY ASSOCIATES, Intervenor-Appellant. [766 NYS2d 433]——

Order and judgment (one paper), Supreme Court, New York County (Rosalyn Richter, J.), entered September 18, 2002, which, to the extent appealed from as limited by the brief, annulled so much of a determination of the Division of Housing and Community Renewal (DHCR) that credited intervenor-appellant 12th Realty Associates (owner) with an improvement cost increase totaling $14,045, and remanded the matter for further proceedings, unanimously affirmed, without costs.

In connection with a rent overcharge proceeding commenced by petitioner in 1992, appellant owner filed a petition for administrative review (PAR) of a District Rent Administrator's order issued March 1997, culminating in a determination that the proven value of improvements made to petitioner's dwelling unit was $2,881.66 and that petitioner had been overcharged by $15,345.73 (subsequently reduced to $13,240.05 as the result of a vacancy allowance). In support of the owner's later PAR challenging the value assigned to its improvements, DHCR accepted the owner's letter affidavit attesting that the itemized cost of renovation was $19,517 and found, in the determination at bar, that there was no rent overcharge.

In view of the owner's concession in 1996 that it could not "be expected to provide a breakdown of the cost of each item of such a renovation job," Supreme Court correctly rejected the agency's receipt of the owner's 2001 itemized valuation in the absence of supporting documentation, as required by DHCR Policy Statement 90-10 (including canceled checks, invoices, a signed contract or a contractor's affidavit). In addition, while an administrative agency is not completely foreclosed from receiving additional evidence in the course of review, the proffering party is required to demonstrate good cause, specifically, under rules applicable to DHCR, that the evidence could not have been provided at an earlier stage of the proceedings (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002]). Thus, under the circumstances, the agency's acceptance of the owner's letter affidavit was irrational (*id.*). Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.