OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about September 29, 2006, reversed, with $30 costs, final judgment of possession awarded to landlord, and matter remanded for a determination of rent arrears due to landlord.
In this nonpayment summary proceeding, tenant challenged an individual apartment improvement (IAI) increase claimed by landlord pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1) for work performed in the apartment premises during the vacancy period immediately prior to tenant’s occupancy. After trial, Civil Court found that landlord had performed “substantial” and “extensive” work in the apartment. The renovations included installing new kitchen cabinets, countertops and appliances; repairing the kitchen underflooring and installing a ceramic tile floor; tearing down and repairing walls; replacing kitchen and bathroom plumbing; rewiring the apartment’s electrical lines and replacing electrical outlets, switches and fixtures; refinishing the wood floors; replacing moldings; and plastering and painting of the entire apartment. Notwithstanding these findings, and landlord’s submission of an invoice and cancelled checks totaling more than $50,000, Civil Court denied landlord the IAI increase because it found no “reliable contemporaneous evidence . . . breaking] down the cost of the work so that the court can distinguish between the cost of these extensive repairs and the cost of allowable improvements.”
“[I]n evaluating the legitimacy of an IAI increase, the court is required to determine (1) whether the *17 owner made the improvements to the apartment during the relevant time period, (2) whether those improvements constitute legitimate individual apartment improvements within the meaning of the regulations, (3) the total costs of the improvements, (4) one fortieth of that cost, and (5) the sum of one fortieth of the costs plus the monthly rent level after any other increases to which the owner may be entitled” (Matter of Rockaway One Co., LLC v Wiggins, 35 AD3d 36, 42 [2006] [citations omitted]).
Any claimed IAI increase must be supported by adequate documentation, such as cancelled checks contemporaneous with the completion of the work, invoice receipt marked paid in full contemporaneous with the completion of the work; signed contract agreement, or the contractor’s affidavit or testimony indicating that work was completed and paid in full (see Matter of Hanjorgiris v Lynch, 298 AD2d 251 [2002]; DHCR Policy Statement 90-10 [June 26, 1990]). In interpreting Policy Statement 90-10, DHCR has held that an itemization of costs is not required where the work performed is part of the total renovation of the subject apartment (see Matter of 12th Realty Assoc., DHCR Administrative Review docket Nos. JD410106RO, JD410098RT [1997]).
Landlord established the amount spent on the apartment renovations here involved through the submission of the “specification sheet,” i.e., a punch list of the renovations needed in the apartment, a contractor’s invoice, cancelled checks tendered contemporaneously with the work, and the contractor’s trial testimony indicating that all the work delineated in the invoice was completed and paid in full. Where, as here, the work performed included removing and installing kitchen cabinets, installing new plumbing, rewiring the electrical lines, tearing down and rebuilding walls, renovating and replacing floors, and installing new appliances, it “constitute^] improvements rather than repairs and maintenance. Therefore no breakdown of the costs was necessary to distinguish the cost of allowable improvements from the costs of repair or maintenance items” (Matter of Doffman, Administrative Review docket No. TE210001RT [2005]; see also 30 W. 70th St. Corp. v Sylvor, NYLJ, Mar. 12, 1999, at 26, col 1 [App Term, 1st Dept] [“gut renovation” of apartment premises qualified as “improvements” rather than mere maintenance and repair]).
*18 Matter of Charles Birdoff & Co. v New York State Div. of Hous. & Community Renewal (204 AD2d 630 [1994]), relied upon by the dissent, is inapposite since the owner therein failed to submit any documentation to establish the claimed improvements. Here, by contrast, there is no dispute as to the extent or cost of the improvements, which were established by documentary evidence and the trial testimony of the contractor. Landlord’s proof cannot be characterized as “mere compliance with the minimal requirement of Policy Statement 90-10” (dissenting op at 22-23), since it was sufficient to establish the improvements to the apartment and their total costs. Moreover, unlike Matter of Gruber v New York State Div. of Hous. & Community Renewal (1 AD3d 112 [2003]), where the owner, for the first time on an administrative appeal, attempted to itemize the value of improvements without any supporting documentation, landlord herein produced documentary proof contemporaneous with the completion of the work, as required by DHCR’s Policy Statement 90-10.
Nor was an itemized breakdown of the costs required by reason of the long-standing business relationship between landlord and its contractor. The trial evidence established that, despite the prior business dealings between landlord and the contractor, the two did not share any officers or principals and were not otherwise related entities. Even where there is an equity interest or an identity of interest between the contractor and building owner, Policy Statement 90-10 does not automatically disqualify an owner for an IAI increase. Inasmuch as landlord satisfied at least three of the criteria specified in Policy Statement 90-10, no additional proof of costs or payment was warranted (see Matter of 12th Realty Assoc., supra). The fact that landlord’s managing agent set an initial budget of $50,000, which was subsequently agreed to by the contractor without a bid, is not a basis to disregard the landlord’s otherwise persuasive proof, particularly where landlord’s cancelled checks showed that the actual costs of the work done in the apartment exceeded $77,000. The applicable vacancy increase and landlord’s entitlement to an IAI increase being sufficient to increase the rent above the $2,000 luxury decontrol threshold, the $3,600 per month lease rent did not constitute an overcharge. We find no cause to disturb the 15% rent abatement awarded by Civil Court to tenant on his warranty of habitability counterclaim.