[922 NE2d 870, 895 NYS2d 284]

JEMROCK REALTY CO., LLC, Respondent, v JAY KRUGMAN, Appellant.

Decided January 14, 2010

## APPEARANCES OF COUNSEL

*Barry J. Yellin*, New York City, for appellant.

*Abramson Law Group, PLLC*, New York City (*Jeffrey A. Bodoff* of counsel), for respondent.

*Andrew M. Cuomo, Attorney General*, New York City (*Monica Wagner* of counsel), for New York State Division of Housing and Community Renewal, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, the case remitted to that court for further proceedings in accordance with this memorandum, and the certified question answered in the negative.

This case turns on the factual issue of whether the landlord's expenditures for "improvements" were at least equal to the amount (approximately $30,000) necessary to bring the legal rent above the luxury decontrol threshold. Contrary to the contentions of both parties, and to the majority and dissenting opinions at the Appellate Division, the resolution of that issue is not governed by any inflexible rule either that a landlord is always required, or that it is never required, to submit an item-by-item breakdown, showing an allocation between improvements and repairs, where the landlord has engaged in extensive renovation work. The question is one to be resolved by the factfinder in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties.

Here, the Appellate Term (18 Misc 3d 15 [2007]), modifying the contrary decision of Civil Court, found that the landlord had met its burden of showing that its expenditures on improvements exceeded the requisite amount. The Appellate Division erroneously decided this question as a matter of law, and did not exercise its power to review the facts. We remit to the Appellate Division so that it may do so.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.