■ JEMROCK REALTY Co. LLC, Respondent, v JAY KRUGMAN, Appellant. [899 NYS2d 161]—

Upon remittitur from the Court of Appeals (13 NY3d 924 [2010]), the order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about December 4, 2007, in effect, modifying the order of Civil Court, New York County (Jean T. Schneider, J.), entered on or about September 29, 2006, which, after a nonjury trial, directed judgment in respondent tenant's favor in the amount of $37,847.92, to the extent of awarding possession of the apartment to

petitioner landlord, declaring that landlord is entitled to a rent increase above the $2,000 luxury decontrol threshold for improvements and remanding the matter to Civil Court for a determination of the rent arrears owed by tenant to landlord, unanimously affirmed, without costs.

Jemrock Realty Co. LLC (landlord) commenced this proceeding in Civil Court seeking rent arrears and possession of apartment 16E at 210 West 101st Street in Manhattan based on Krugman's (tenant) rent arrears. Tenant answered, asserting, inter alia, that his monthly rent was illegal under the Rent Stabilization Code (RSC). Specifically, tenant challenges an individual apartment increase (IAI) claimed by the landlord pursuant to RSC (9 NYCRR) § 2522.4 (a) (1) for work performed in the apartment during the vacancy period prior to tenant's occupancy.

When the prior long-term, rent-stabilized tenant vacated the apartment, landlord retained a contractor to perform work in the apartment to prepare it for the new tenant. Landlord paid the contractor a total sum of $50,000 for the extensive work performed in the apartment, which landlord then used as an IAI to increase the apartment's legal rent. The last rent-stabilized tenant paid a monthly rental of $920.12 and vacancy and longevity increases raised the rent to $1,247.68. Landlord then claimed an additional monthly improvement increase of $1,250 (one fortieth of $50,000), raising the legal rent above $2,000 and exempting the premises from regulation. Landlord relied upon the $50,000 figure in the notice and certification attached to the lease entered into by Krugman as the basis for the increase. The monthly rent for the apartment was listed as $3,600.

At a nonjury trial, landlord proved that the contractor performed extensive work in the apartment for which he was paid $50,000. Civil Court further found that the contractor performed work that included renovations that were "extensive and substantial," as well as repairs. Civil Court denied the IAI because it found "no reliable contemporaneous evidence breaking down the cost of the work so that the court can distinguish between the cost of extensive repairs and the cost of allowable improvements." Appellate Term, however, over a dissent, reversed Civil Court's determination that landlord was not entitled to the rent increase for improvements, and as a result held that the increased monthly rent properly exceeded $2,000. Specifically, Appellate Term reasoned that no breakdown of costs was necessary to distinguish between costs of allowable improvements and costs of repairs, where the work involved

extensive renovations. A divided panel of this Court affirmed (64 AD3d 290 [2009]), essentially for the reasons expressed by Appellate Term.

On appeal, the Court of Appeals reversed this Court on limited grounds, explaining: "This case turns on the factual issue of whether the landlord's expenditures for 'improvements' were at least equal to the amount (approximately $30,000) necessary to bring the legal rent above the luxury decontrol threshold. Contrary to the contentions of both parties, and to the majority and dissenting opinions at the Appellate Division, the resolution of that issue is not governed by any inflexible rule either that a landlord is always required, or that it is never required, to submit an item-by-item breakdown, showing an allocation between improvements and repairs, where the landlord has engaged in extensive renovation work. The question is one to be resolved by the factfinder in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties" (13 NY3d at 926).

On this issue, the Court of Appeals pointed out, Appellate Term found that "landlord had met its burden of showing that its expenditures on improvements exceeded the requisite amount" (*id.*). The Court of Appeals, however, remitted the action to this Court because we "erroneously decided this question as a matter of law, and did not exercise [our] power to review the facts" (*id.*).

Exercising our authority to review the record developed at trial and render the judgment warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492 [1983]), we find that landlord's expenditures for improvements were sufficient to bring the legal rent for the unit above the luxury decontrol threshold. The trial evidence established, and it is not disputed, that the renovations included installing new kitchen cabinets, counter tops and appliances; installing a ceramic tile floor; replacing kitchen and bathroom plumbing; rewiring the apartment's electrical lines and replacing electrical outlets, switches and fixtures; and replacing moldings. On the other hand, the repairs included repairing the kitchen underflooring, repairing walls, refinishing the wood floors, and plastering and painting of the entire apartment. Such evidence, in our view clearly establishes that landlord's expenditures for "improvements" vis-à-vis repairs were at least equal to $30,000, the amount necessary to bring the legal rent above the luxury decontrol threshold. Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ. **[Prior Case History: 18 Misc 3d 15.]**