[906 NYS2d 860]

ALEC MERBER et al., Plaintiffs, v 37 WEST 72ND STREET, INC., Defendant.

Supreme Court, New York County, July 9, 2010

**APPEARANCES OF COUNSEL**

*Belkin, Burden, Wenig & Goldman, LLP,* New York City, for defendant. *Hartman, Ule, Rose & Ratner, LLP,* New York City, for plaintiffs.

**OPINION OF THE COURT**

Doris Ling-Cohan, J.

Background

Plaintiffs are tenants in a rent-stabilized building owned by defendant, pursuant to a lease for apartment 3-A, for a one-year term commencing on December 14, 2004.[1] The lease provided for a monthly rental of $3,250 and gave notice pursuant to Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-504.2 (b), that the apartment was no longer subject to the RSL, due to the stabilized rent rising to a sum in excess of $2,000 per month, during its vacancy, as provided in RSL § 26-504.2 (a).

The section 26-504.2 (b) notice contained in the lease sets forth the calculations showing how the stabilized rent increased to a sum that excluded the apartment from rent stabilization (exhibit B, affidavit in opposition). The last stabilized rent prior to vacancy was $922.61 per month, to which was added a 17% vacancy increase for plaintiff's one-year lease (amounting to $156.84) and an additional $160.53 for a long-term prior tenant increase, because the prior tenant deprived the landlord of a vacancy increase for eight or more years (RSL § 26-511 [c] [5-a]), which raised the total rent to $1,239.98. Plaintiff does not dispute the propriety of these two vacancy rental increases.

The rent was thereafter increased by an additional $920, raising the total to $2,159.98; such sum being over $2,000 was sufficient to terminate the rent-stabilized status. This last adjustment is allegedly based on the landlord's addition of individual apartment improvements to the subject premises, the cost of which is allowable to increase the monthly rent by an addition of 1/40th of the total cost of the improvements (9 NYCRR 2522.4 [a] [1], [4]). This adjustment is disputed by plaintiffs and resulted in the commencement of this case, in which plaintiffs seek a declaratory judgment that their apartment remains subject to the Rent Stabilization Law, a consequent rollback of the rent, and compensation for the alleged willful rental overcharge, including treble damages, in accordance with 9 NYCRR 2526.1 (a) (1).

The issue presented on this motion for summary judgment brought by defendant is whether the proof submitted by defendant as to the alleged improvements to the subject apartment is sufficient to establish, as a matter of law, pursuant to the Court

---

1. Thereafter, several lease extensions were entered into by the parties.

of Appeals' decision in the case of *Jemrock Realty Co., LLC v Krugman* (13 NY3d 924 [2010]), that the subject apartment is no longer entitled to rent-stabilized status. As explained below, upon review of the submissions, the court concludes that it is not.

Discussion

Preliminarily, the court notes that the Rent Stabilization Law differentiates between "improvements" made to an apartment, which are eligible in calculating a rental increase, as opposed to "repairs," which are not. (*See* 9 NYCRR 2522.4.)

In moving for summary judgment, defendant maintains that pursuant to the Appellate Division decision in the case of *Jemrock Realty Co. LLC v Krugman* (64 AD3d 290 [1st Dept 2009]), the submitted documentary and selected deposition testimony conclusively demonstrate that all of its expenditures should be qualified as individual apartment improvements which, when properly calculated as an addition to the rent, remove apartment 3-A from the limitations of rent stabilization and entitle it to free market rent.[2]

Plaintiffs argue that to arrive at a $920 increase for individual apartment improvements, defendant must have expended $36,800 on qualified improvements. It is plaintiffs' contention that defendant has submitted insufficient documentation to demonstrate that such sum was expended on qualified improvements alone, as opposed to a combination of qualified improvements and unqualified maintenance and repairs. Thus, plaintiffs argue that defendant has failed to install sufficient improvements to raise the rent above the $2,000 threshold.

As to the issue of proof in this summary judgment motion, as indicated, defendant relies on the Appellate Division decision in *Jemrock Realty Co. LLC v Krugman* (64 AD3d 290 [2009]) in support of its contention that no itemized breakdown of the costs incurred is required, solely by the reason of the longstanding business relationship between defendant landlord and its contractor, who allegedly completed the improvements to the subject apartment. In *Jemrock*, the Appellate Division, First Department, stated that

> "DHCR's interpretation of the regulations imple-
> menting the Rent Stabilization Law is entitled to

---

**2.** Despite the Court of Appeals' reversal of such decision (*Jemrock Realty Co., LLC v Krugman*, 13 NY3d 924 [2010]), defendant continues to maintain this position.

deference. DHCR has determined that a landlord is not required to 'submit a breakdown of the cost of each item in . . . *extensive* renovation work' if the landlord 'submitted the required evidence to show that the claimed work was done' and 'that it spent the claimed costs.' " (64 AD3d at 296-297 [citations omitted].)

The Appellate Division concluded that

"[t]he issue of whether landlord is entitled to a rent increase based on the improvements turns on whether landlord was required to itemize the costs it incurred during the renovation, distinguishing between amounts spent on improvements, on the one hand, and repairs, on the other. Because landlord was not obligated to itemize the costs . . . that landlord is entitled to a rent increase based on the renovations" (*id.* at 296).

However, subsequent to the filing of the within motion, the Appellate Division's decision in *Jemrock* was reversed by the Court of Appeals. (*Jemrock Realty Co., LLC v Krugman*, 13 NY3d 924 [2010].) In such decision, the Court of Appeals held that

"the resolution of [the] issue [of itemized breakdown] is not governed by any inflexible rule either that a landlord is always required, or that it is never required, to submit an item-by-item breakdown, showing an allocation between improvement and repairs, where the landlord has engaged in extensive renovation work. The question is one to be resolved by the factfinder in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties." (*Id.* at 926.)

The Court of Appeals remitted the case to the Appellate Division, for further review of whether "the landlord had met its burden of showing that its expenditures on improvements exceeded the requisite amount." (*Id.*)

Upon remittur, the Appellate Division, after a review of the record developed at trial, again affirmed the Appellate Term's decision that the landlord was entitled to a rent increase above the $2,000 luxury decontrol threshold for improvements, finding that the "landlord's expenditures for improvements were sufficient to bring the legal rent for the unit above the luxury decontrol threshold." (*Jemrock Realty Co. LLC v Krugman*, 72 AD3d 438, 440 [1st Dept 2010].) The Appellate Division

determined that the "trial evidence established, and it [was] not disputed, that the . . . evidence . . . clearly establishe[d] that [the] landlord's expenditures for 'improvements' vis-à-vis repairs were at least equal to . . . the amount necessary to bring the legal rent above the luxury decontrol threshold." (*Id.* at 440.)

The court notes that, significantly, the decisions in *Jemrock* were rendered *after trial*, whereas here defendant has moved for summary judgment, arguing that there are no factual issues warranting a trial. In a trial, each document offered is fully authenticated, subject to objection on evidentiary grounds, and the witness authenticating such document (such as a receipt) is subject to cross-examination, unlike in a summary judgment motion. By the use of the word "factfinder," *Jemrock* appears to stand for the proposition that such findings are to be "resolved by the factfinder" at a trial, "in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties." (13 NY3d at 926.) There is a major distinction between proof adduced at trial, as in *Jemrock*, tested by the other party at trial, and the proof offered by one side in a summary judgment motion.

On this motion for summary judgment, defendant's proof falls short to warrant that this court rule, *as a matter of law*, that the alleged individual apartment improvements qualify such apartment for a rental increase above the luxury decontrol threshold, as provided in the RSL. While defendant claims $38,500 worth of eligible improvements to the subject apartment, based upon the totality of the proof submitted in this motion, the submissions supplied by defendant do not have the same or similar "persuasive force," as articulated by the Court of Appeals in *Jemrock*. (13 NY3d at 926.)

Here, the documents submitted by defendant in support of its motion for summary judgment are merely referred to by counsel or affiant, without a proper evidentiary foundation authenticating the attached documents. Further, the disputed documents are not even business records of defendant, prepared in the ordinary course of its business. The proof relied upon by defendant is as follows: (1) an estimate from nonparty Toned Painting and Contracting Inc. (Toned) dated September 7, 2004 (exhibit C, notice of motion); (2) an invoice from nonparty Toned dated December 15, 2004 (exhibit C, notice of motion); (3) copies of canceled checks on the account of nonparty A.J. Clarke Real Estate Corp., payable to nonparty Toned totaling $38,500;

(4) the deposition transcript of nonparty contractor Edward Debono (exhibit H, notice of motion);[3] and (5) deposition transcript of managing agent John Economou (exhibit I, notice of motion).[4] Further, the court notes that, contrary to this Part's rules, movant has failed to specifically cite to the page and line number for all of the references to deposition testimony,[5] but merely attached four entire transcripts consisting of 281 pages, 153 pages, 57 pages and 31 pages. (Motion exhibits: H, I, J, K.)

In particular, while the unauthenticated invoice supplied by defendant from nonparty Toned Painting and Contracting Inc. dated December 15, 2004 (exhibit C, notice of motion) lists several categories of work allegedly performed at the subject apartment, including, inter alia, demolition, electrical, woodwork, bathrooms, kitchen, windows and wood floors, and provides additional details as to each category of work performed, the unauthenticated invoice merely lists a total cost for labor and materials of $38,500, with only one itemized listing of a charge of $1,700 for "[a]dditions to Proposal"; the invoice provides no other cost details for *any* of the other claimed work. Furthermore, the unauthenticated estimate submitted by defendant dated September 7, 2004 (exhibit C, notice of motion) lists slightly different work to that listed in the invoice, and also only includes a lump-sum total estimated cost of $36,800, for labor and materials. Arguably, it defies credibility that anyone would: (1) contract for such work in so large a sum of $36,800 based on such a mysterious estimate, which did not offer a specific breakdown by amount charged for each item of work; and (2) pay an invoice of $38,500 without a specific breakdown of amounts for items billed as completed. Moreover, the deposition transcripts of defendant's managing agent and contractor fail to provide any additional details regarding the costs incurred for improvements, as opposed to repairs, to the subject apartment. Thus, defendant's submissions have utterly failed to rise

---

**3.** In its papers, defendant has referred to a limited number of page and line numbers in support.

**4.** In its papers, defendant has referred to a limited number of page and line numbers in support.

**5.** The Part 36 rules provide, in relevant part, as follows:
"Motion Guidelines: . . .
"Any references to EBT testimony shall cite to the exact page and line numbers relied upon rather than merely attaching the entire transcript or 'relevant portions'; full transcripts shall be supplied." (*See* Rules of Justices of Sup Ct, Civ Branch, NY County, Honorable Doris Ling-Cohan, Part 36.)

to the level of the "persuasive force" of evidence, as articulated in *Jemrock*, necessary to prove that the claimed improvements were at least equal to the amount necessary to bring the legal rent for the subject apartment above the luxury decontrol threshold. (*Id.* at 926.)

Moreover, there is a genuine dispute that all of the claimed improvements were in fact made, unlike in *Jemrock*.[6] For example, in an affidavit by plaintiff Alec Merber, he disputes that the windowsills and wood door frame casings were removed, as indicated in the invoice. Furthermore, plaintiff points out that the contractor, Toned, was doing another job at another apartment in the building at the same time; thus, at trial, presumably proof could be elicited indicating that many of the checks, bills and receipts fail to specify which apartment, and refer only to "'72nd Street" or "W. 72nd Street," and, thus are not necessarily attributable to the relevant apartment. At the trial, conceivably, the factfinder would be called upon to assess the credibility of the witnesses and evaluate the disputed documents in light of the totality of the evidence, which the court is unable to do in a motion for summary judgment.

The standards for summary judgment are well settled. The movant must tender evidence, by proof in admissible form, to establish the cause of action "sufficiently to warrant the court as a matter of law in directing judgment." (CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985].) To grant summary judgment it must be clear that no material and triable issue of fact is presented (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). The court should draw all reasonable inferences in favor of the nonmoving party, and should not pass on issues of credibility (*Dauman Displays v Masturzo*, 168 AD2d 204 [1st Dept 1990]). Applying such principles herein, defendant failed to satisfy its burden on its motion for summary judgment and thus, the motion is denied.

---

6. The Appellate Division determined that the "trial evidence established, and it [was] not disputed, that the . . . evidence . . . clearly establishe[d] that [the] landlord's expenditures for 'improvements' vis-à-vis repairs were at least equal to . . . the amount necessary to bring the legal rent above the luxury decontrol threshold." (*Jemrock Realty Co., LLC v Krugman*, 72 AD3d at 440.)

Accordingly, it is ordered, that defendant's motion for summary judgment is denied in its entirety.