Ruggerino v Prince Holdings 2012, LLC (2019 NY Slip Op 02264)





Ruggerino v Prince Holdings 2012, LLC


2019 NY Slip Op 02264


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8488 156640/16

[*1]Francesco Ruggerino, et al., Plaintiffs-Respondents,
v
Prince Holdings 2012, LLC, Defendant-Appellant, 9300 Realty, Inc., et al., Defendants.


Rose & Rose, New York (James E. Bayley of counsel), for appellant.
Grimble & Loguidice, LLC, New York (Shaina Weissman of counsel), for respondents.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered November 29, 2017, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment as to liability on their rent overcharge claim, unanimously reversed, on the law without costs, and the motion denied.
The court erred as a matter of law by granting the tenants partial summary judgment on their cause of action for rent overcharge because most of the arguments the motion court considered were raised for the first time in reply.
Rent Stabilization Code (9 NYCRR) § 2520.11(r)(10)(i) permits rent increases for post-vacancy individual apartment improvements (IAI). Furthermore, a vacancy increase can be included when calculating legal rent for purposes of determining whether an apartment has reached the deregulation threshold amount (Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018]).
In opposition to the tenants' motion, the landlord provided an affidavit from Steven Yow, the building's managing agent, retained by defendant Prince, the building owner, who averred that three apartments of roughly the same size were renovated at the same time at a total cost of $231,509.82, exclusive of appliances. The managing agent also identified the contractor whom Prince retained, made allegations as to how much the contractor was paid, and provided copies of checks and copies of applications filed with the New York City Department of Buildings.
In reply, the tenants acknowledged some work appears to have been done in the apartment, but challenged the reliability of the landlord's proof. The landlord will ultimately have to prove its entitlement to an IAI increase (Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 138 [2d Dept 2005]). However, the record on this motion raises genuine issues of fact as to whether the landlord's claimed expenditures, or any part of them, are sufficient to bring the legal rent of the subject apartment above the luxury decontrol [*2]threshold, allowing the landlord to charge a free market rent (Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]; Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 113 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK