East 17th LLC, Petitioner-Landlord-Appellant, 
against
Kelly McCusker, Respondent-Tenant-Respondent.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about October 4, 2017, after a nonjury trial, which dismissed the petition in a holdover summary proceeding and awarded tenant a net money judgment in the principal sum of $102,327.85 on her counterclaims.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about October 4, 2017, affirmed, with $25 costs.
The trial court properly looked back beyond the four-year limitations period for tenant's rent overcharge counterclaim (see CPLR 213-a) to establish a proper base rent, in that sufficient indicia of fraud existed (see Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]). While neither an increase in rent, standing alone, nor skepticism about apartment improvements suffices to establish indicia of fraud (see Breen v 330 E. 50th Partners, L.P., 154 AD3d 583 [2017]), here at the same time that the predecessor landlord increased the rent from $604.46 to $1,627 in 2006, it also ceased filing annual rent registration statements for 2000 through 2005 (see Butterworth v 281 St. Nicholas Partners, LLC, 160 AD3d 434 [2018]). 
Moreover, the building was in receipt of J-51 tax benefits at all relevant times, and landlord improperly sought to deregulate the apartment in 2010 - more than one year after the Court of Appeals held that buildings receiving J-51 benefits are not eligible for high rent vacancy decontrol (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 (2009). Indeed, despite the holding in Roberts, landlord failed to notify tenant, who leased the apartment in November 2010, that the apartment was protected by rent stabilization or issue her a rent stabilized lease, and, in fact, landlord commenced this proceeding in 2012 alleging that the premises were deregulated as a result of high rent vacancy (cf. Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105 [2017], lv dismissed 30 NY3d 961 [2017]).
We also agree that landlord failed to establish that the expenditures for individual apartment improvements (IAIs) made immediately prior to tenant's occupancy justified the full rent increase sought. The record shows, and the court found, that landlord failed to submit [*2]adequate documentation of its claimed improvements, or witness testimony that demonstrated the nature and scope of the work performed in the subject apartment (cf. Jemrock Realty Co. LLC v Krugman, 72 AD3d 438 [2010], lv dismissed 15 NY3d 866 [2010]; see generally Graham Ct. Owners Corp. v Green, 11 Misc 3d 131[A], 2006 NY Slip Op 50333[U] [App Term, 1st Dept 2006]).
We are also satisfied that the trial court properly resolved the habitability issues litigated below, and that a decrease in the amount of the abatement award in tenant's favor is unwarranted. A fair interpretation of the evidence supports the finding of inadequate hot water at the premises. We also have no cause to disturb the court's credibility-based finding regarding the duration of the inadequate hot water condition, particularly given the absence of any evidence that landlord remedied it. The percentage of the abatement was also within reasonable limits (see generally Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329 [1979], cert denied 444 US 992 [1979]), and is not disturbed.
We have considered landlord's remaining contentions, including its collateral estoppel/res judicata argument, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 05, 2019