Haygood v Prince Holdings 2012 LLC (2020 NY Slip Op 05138)





Haygood v Prince Holdings 2012 LLC


2020 NY Slip Op 05138


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 155091/16 Appeal No. 10951 Case No. 2019-1546 

Before: Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ. 


[*1]Jonathan Haygood, Plaintiff-Respondent,
v
Prince Holdings 2012 LLC, et al., Defendants-Appellants. 


Rose & Rose, New York (Dean Dreiblatt of counsel), for appellants.
Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 7, 2018, which, to the extent appealed from as limited by the briefs, (i) granted, in part, plaintiff's motion for summary judgment as to liability on his rent stabilization overcharge claim, and (ii) denied, in part, defendants' cross motion to dismiss or for summary judgment on plaintiff's General Business Law (GBL) § 349 and New York City Consumer Protection Law claims, as well as on all claims against the individual defendants, except as to defendant Donovan, for failure to state a cause of action, unanimously modified, on the law, to grant defendants' cross motion to dismiss the GBL §§ 349 and New York City Consumer Protection Law claims, and otherwise affirmed, without costs.
Plaintiff demonstrated that the rent increases attributable to the vacancy and individual apartment improvements (IAIs) in his apartment prior to his tenancy did not raise the rent above the then-applicable $2,500 high-rent vacancy deregulation threshold (see former Administrative Code of City of NY § 26-504.2; 9 NYCRR 2520.11[r][10][i]). Specifically, defendants were required to, but did not, seek approval from the State Division of Housing and Community Renewal for their asserted building-wide electrical upgrade, under the regulations governing major capital improvements (MCI) (see Administrative Code § 26-511; 9 NYCRR 2522.4[a][2][i][a]-[d]). The IAI provisions apply only to improvements "provided in or to the tenant's housing accommodation" (9 NYCRR 2522.4[a][1]). Defendants failed to raise a triable issue of fact concerning what electrical work was provided to plaintiff's unit.
Contrary to defendants' contention, even if they were ineligible for an MCI increase due to having rewired the building within the applicable 25-year useful life period, this would not entitle them to split a building-wide cost evenly among all units as an IAI. In any event, their proffered evidence shows only that work was performed in the basement one or two years beforehand.
However, defendants' cross motion to dismiss the GBL §§ 349 and New York City Consumer Protection Law claims should have been granted. The rent overcharge claim at issue here is a private dispute between one landlord and one tenant and does not concern consumer-oriented conduct aimed at the public at large (see Collazo v Netherland Prop. Assets LLC, 155 AD3d 538 [1st Dept 2017], mod on other grounds 35 NY3d 987 [2020]; Aguaiza v Vantage Prop., LLC, 69 AD3d 422 [1st Dept 2010]; cf. 23 Realty Assoc. v Teigman, 213 AD2d 306, 308 [1st Dept 1995] [permitting tenant's New York City Consumer Protection Law claims to proceed against real estate broker who advertised space in the building as rent-stabilized apartments, when in fact the building was a hotel]).
Finally, the motion to dismiss as against Steven Croman, Harriet Croman a/k/a Harriet Kahan (Kahan), and Oren Goldstein was properly denied. Croman and Kahan were allegedly owners of defendant Prince Holdings 2012 LLC (Prince) who used their domination of the company to commit a fraud or wrong against plaintiff (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see also Conason v Megan Holding, LLC, 25 NY3d 1, 10-12, 18-19 [2015] [allegation of willful rent overcharge]; Walling v Holman, 858 F2d 79, 81-82 [2d Cir 1988], cert denied 489 US 1082 [1989] [allegation of breach of implied warranty of habitability under Real Property Law § 235-b]). Goldstein was allegedly the managing agent of Prince who participated in the alleged fraudulent scheme (see People v Apple Health & Sports Clubs, 80 NY2d 803, 807 [1992]; A-1 Check Cashing Serv. v Goodman, 148 AD2d 482, 482 [2d Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020