Nájera-Ordóñez v 260 Partners, L.P. (2023 NY Slip Op 03412)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

N jera-Ord¢¤ez v 260 Partners, L.P.

2023 NY Slip Op 03412

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023
Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 160546/17 Appeal No. 519 Case No. 2022-03624 

[*1]Jorge A. NÁjera-OrdÓÑez et al., Plaintiffs-Respondents,
v260 Partners, L.P., et al., Defendants-Appellants.

Greenberg Traurig, LLP, New York (Hal N. Beerman of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 11, 2022, which granted plaintiffs' motion for summary judgment as to liability and dismissing defendants' affirmative defenses, and denied defendants' cross-motion for summary judgment permitting them to amend the apartment registrations and to calculate damages within the four-year lookback period, unanimously modified, on the law, to deny plaintiffs' motion for summary judgment as to liability and to remand the matter for further proceedings consistent herewith, and otherwise affirmed, without costs.
The order should be modified to deny that part of plaintiffs' motion that determined that the default formula applied to all 37 deregulated apartments. The matter should also be remanded to the motion court for further proceedings, as required by Casey v Whitehouse Estates, Inc. (39 NY3d 1104 [2023]), to make an assessment for each apartment as to the base date rent and the calculation of overcharges, including whether plaintiffs fulfilled the elements of common-law fraud to establish a fraudulent scheme to deregulate with respect to any apartments deregulated after Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) (Roberts) and Gersten v 56 7th Avenue, LLC (88 AD3d 189 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]) (Gersten) were decided.
Contrary to defendants' contention, the documents in the record on which plaintiffs' arguments rely were properly admitted through plaintiffs' counsel's affirmation (see e.g., Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). With respect to the apartments deregulated before the 2009 Court of Appeals decision in Roberts, defendants are correct that it is now well established that "the fraud exception to the lookback rule is generally inapplicable to Roberts overcharge claims" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 356 [2020]).
Plaintiffs contend that these apartments were improperly re-registered with the New York State Division of Housing and Community Renewal (DHCR) in 2016— during the lookback period— warranting recourse to the default formula under Rent Stabilization Code (RSC) (9 NYCRR) § 2522.6 (b) (3). However where, as here, "it is possible to determine the rent actually charged on the base date . . . that amount should be used" together with the permissible legal increases within the lookback period (Casey v Whitehouse Estates, Inc., 39 NY3d at 1107 [internal quotation marks omitted]). On that basis, the motion court should not have determined that the default formula applied to these apartments, and upon remand, the parties should submit their respective calculations of the rent overcharges for these apartments using the rent paid on the base date of November 29, 2013 (see id.).
As to any apartments deregulated after Roberts and Gersten were decided, plaintiffs have alleged sufficient indicia of fraud to warrant a review of the rent history [*2]under Montera v KMR Amsterdam LLC (193 AD3d 102, 107 [1st Dept 2021]). In Montera we held that failure to re-register apartments that were deregulated after the Roberts/Gersten decisions provided some indicia of fraud warranting a review of the rent history. Plaintiffs must still ultimately prove all of the elements of a fraudulent scheme to deregulate (see Regina at 356 n 7 ["Fraud consists of evidence of a representation of material fact, falsity, scienter, reliance and injury"] [internal quotation marks omitted]).
Finally, although defendants maintain that their affirmative defenses should be reinstated, they generally fail to raise any arguments in support of that relief. With respect to the second and third defenses, defendants' arguments that plaintiffs lacked privity with defendant Beach Lane Management, Inc. as managing agent, and that Beach Lane is shielded from liability as the agent for a disclosed principal, are unavailing. Under RSC 2520.6 (i), an agent is included in the definition of an owner, and a managing agent who participates in a fraudulent scheme is not shielded from liability (see e.g., Haygood v Prince Holdings 2012 LLC, 186 AD3d 1157, 1159 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023