Ruggerino v Prince Holdings 2012, LLC (2025 NY Slip Op 01180)

Ruggerino v Prince Holdings 2012, LLC

2025 NY Slip Op 01180

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 156640/16|Appeal No. 3789-3790|Case No. 2022-04255 2022-04356|

[*1]Francisco Ruggerino et al., Plaintiffs-Respondents,
v
Prince Holdings 2012, LLC, Defendant-Appellant, 9300 Realty, Inc., et al., Defendants. 

Kourkoumelis & Fotopoulos, PLLC, New York (Alexander B. Fotopoulos of counsel), for appellant.
Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for respondents.

Judgment, Supreme Court, New York County (Alexander Tisch, J.), entered September 22, 2022, in favor of plaintiff tenants, and bringing up for review an order, same court and Justice, entered on or about August 25, 2022, which, to the extent appealed from as limited by the briefs, after a nonjury trial, found that plaintiffs were entitled to relief on their first cause of action for a rent overcharge, and declared plaintiffs are rent-stabilized tenants and the subject apartment is rent stabilized with a legal rent of $1,560.00 per month, and directed a money judgment in favor of plaintiffs in the amount of $42,300 representing the rent overcharge, and $126,900 in treble damages, unanimously modified, on the law, to reduce the total judgment amount to $126,900, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court properly found that defendant landlord failed to establish that the purported scope of the individual apartment improvements (IAI) exceeded the applicable high rent deregulation threshold for the subject apartment (see Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]). Specifically, defendant failed to demonstrate how the total cost of a renovation project was apportioned among three apartments, including the subject apartment. Some testimony did suggest that costs were divided evenly among the three apartments. However, this testimony was contradicted by evidence that the work performed differed in the three apartments, such as the addition of a staircase and roof deck was exclusive to one apartment.
Moreover, defendant's managing member conceded that the unsigned construction contract for the three apartments was a boilerplate instrument which listed renovations that were not necessarily completed. Although the trial court admitted the contractor's cost estimate of work for the apartment into evidence, it noted that the estimate did not necessarily prove what defendant actually paid for the renovation of the apartment.
Plaintiff's apartment remains subject to rent stabilization. Defendant's itemized invoices and cancelled checks demonstrate that it expended $11,159.69 for identical installations of appliances in two different apartments, including the subject apartment, thus entitling defendant to an IAI increase in the monthly rent of $139.50. Since the last rent-stabilized tenant vacated the apartment on November 30, 2013, at a legal regulated rent of $1,560.00, the IAI increase of $139.50, together with a 18.25% vacancy increase of $284.70, would yield a maximum possible legal rent of $1,984.20, below the $2,500.00 high-rent deregulation threshold in effect at the time.
As to the overcharge calculation, where, as here, "an owner fails to file a 'proper and timely' registration, until such registration is filed, the rent is frozen at the legal regulated rent listed in the preceding registration statement"[*2](Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684 [1st Dept 2011]; see Rent Stabilization Code [RSC] [9 NYCRR] § 2528.4[a]). Under this regulatory scheme, $1,560.00 was the correct legal rent for determining the rent overcharge amount of $42,300.
As to treble damages, the trial court found the testimony of defendant's managing member not credible. We find no basis to disturb this credibility determination (see Kenyon & Kenyon LLP v Sightsound Tech., LLC, 202 AD3d 535, 539 [1st Dept 2022], lv denied 39 NY3d 901 [2002]). As the court noted, defendant is made up of sophisticated parties who should know how to account for its improvements. Accordingly, the court properly determined that defendant failed to rebut the presumption of willfulness, entitling plaintiffs to treble damages (see Smoke v Windermere Owners, LLC, 173 AD3d 500, 501 [2019]; RSC § 2526.1[a][1]).
However, as plaintiffs concede, the court inadvertently awarded plaintiffs quadruple, rather than treble, damages. Thus, the total judgment amount, not including costs and disbursements, should be reduced to $126,900, three times the overcharge of $42,300 (see RSC § 2526.1[a][1]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025