Haygood v Prince Holdings 2012, LLC (2025 NY Slip Op 02994)

Haygood v Prince Holdings 2012, LLC

2025 NY Slip Op 02994

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 155091/16|Appeal No. 4367-4368|Case No. 2022-04358 2022-04259|

[*1]Jonathan Haygood, Plaintiff-Respondent,
v
Prince Holdings 2012, LLC, Defendant-Appellant. 

Kourkoumelis & Fotopoulos, PLLC, New York (Alexander B. Fotopoulos of counsel), for appellant.
Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for respondent.

Judgment, Supreme Court, New York County (Alexander Tisch, J.), entered September 27, 2022, in plaintiff-tenant's favor, and bringing up for review an order, same court and Justice, entered August 25, 2022, which, to the extent appealed from as limited by the briefs, after a nonjury trial, found that plaintiff was entitled to relief on his first cause of action for rent overcharge, and declared the subject apartment rent stabilized with a legal regulated rent of $533.82 per month, and directed a money judgment in favor of plaintiff in the amount of $52,443.32 representing rent overcharge, and $157,329.96 in treble damages, unanimously modified, on the law, to reduce the total judgment amount to $157,329.96, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We previously affirmed that part of Supreme Court's 2018 order in this action granting summary judgment to plaintiff based on the evidence "that the rent increases attributable to the vacancy and individual apartment improvements in his apartment prior to his tenancy did not raise the rent above the then-applicable $2,500 high-rent vacancy deregulation threshold" (Haygood v Prince Holdings 2012 LLC, 186 AD3d 1157, 1158 [1st Dept 2020]). In the 2018 order, the supreme court directed the parties to trial "to establish what work was actually done, whether the work was properly compensable as an IAI, and the specific cost of the individual items of work" (60 Misc 3d 1220[A] at *10, 2018 NY Slip Op 51182[U] [Sup Ct, NY County 2018]).
Defendant's evidence at trial failed to establish what work was actually performed, whether the work constituted IAIs, and the specific cost of the work (see Ruggerino v Prince Holdings 2012, LLC, 235 AD3d 600, 601 [1st Dept 2025]). As we recently found in Ruggerino, which involved purported IAIs performed in another apartment in the same building, defendant's use of a boilerplate construction contract, which, here, was undated and bore notations including "if applicable" and "if required," was insufficient to establish what work was actually performed and the cost of that work (id.; see also Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]).
Supreme Court's rejection of defendant's principal's testimony is supported by the record (see Ruggerino, 235 AD3d at 602). We find no basis to disturb the court's credibility determinations (see e.g. Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 683 [1st Dept 2011]).
Based on the above determinations, the court properly found that defendant's failure to register the apartment at any point after 2014 required the rent to be frozen at the legal regulated rent listed in the last registration statement prior to the failure to register (9 NYCRR 2528.4[a]). Here, the last legal regulated rent for the apartment was registered at $533.82 per month in 2014, warranting overcharge damages of $52,443.32 (see e.g. Bradbury, 84 [*2]AD3d at 684).
Defendant does not dispute that it "is made up of sophisticated parties who should know how to account for its improvements" (Ruggerino, 235 AD3d at 602). Thus, the court properly determined that defendant failed to rebut the presumption of willfulness, entitling plaintiff to treble damages (see Smoke v Windermere Owners, LLC, 173 AD3d 500, 501 [1st Dept 2019]). We modify the judgment solely to reduce the total award to $157,329.96, not including costs and disbursements, to account for the court's inadvertent award of quadruple rather than treble damages (9 NYCRR 2526.1[a][1]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025